# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| United States of America, | Case No.: 2:17-cv-02917-JAD-NJK |
| Plaintiff | **Order granting defendant's motion to dismiss with leave to amend** |
| v. | |
| U.S. Telecom Long Distance, Inc., | **[ECF No. 9]** |
| Defendant | |

In a prior administrative action, the Federal Communications Commission (FCC) concluded that U.S. Telecom Long Distance, Inc. (UST) violated the Communications Act and FCC regulations and issued a forfeiture order against UST. To enforce this order, the government must prove in a civil jury trial that UST committed these violations.[1] The government therefore sued UST, which now moves to dismiss for failure to state a claim.[2] UST's primary argument is that, rather than alleging facts supporting each discrete violation, the government has attached the FCC's administrative filings to the complaint in order to impermissibly incorporate their allegations wholesale. I find that this practice fails to provide UST notice of what allegations comprise the claims against it and thus violates Federal Rule of Civil Procedure 8(a). I therefore grant UST's motion to dismiss and give the government leave to amend its complaint to cure the problems identified in this order.

---

[1] 47 U.S.C. § 504(a).
[2] ECF No. 9.

**Legal standard**

Federal Rule of Civil Procedure 8 requires every complaint to contain "[a] short and plain statement of the claim showing that the pleader is entitled to relief . . . ."[3] While Rule 8 does not require detailed factual allegations, a properly pled claim must contain enough facts to "state a claim to relief that is plausible on its face."[4] This "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"; the facts alleged must raise the claim "above the speculative level."[5] In other words, a complaint must make direct or inferential allegations about "all the material elements necessary to sustain recovery under *some* viable legal theory."[6]

District courts employ a two-step approach when evaluating a complaint's sufficiency on a Rule 12(b)(6) motion to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint, recognizing that legal conclusions are not entitled to the assumption of truth.[7] Mere recitals of a claim's elements, supported only by conclusory statements, are insufficient.[8] Second, the court must consider whether the well-pled factual allegations state a plausible claim for relief.[9] A claim is facially plausible when the complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct.[10] A complaint that does not permit the court to infer more than the mere possibility

---

[3] Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

[4] *Twombly*, 550 U.S. at 570.

[5] *Iqbal*, 556 U.S. at 678.

[6] *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1989)).

[7] *Iqbal*, 556 U.S. at 678–79.

[8] *Id*.

[9] *Id*. at 679.

[10] *Id*.

of misconduct has "alleged—but not shown—that the pleader is entitled to relief," and it must be dismissed.[11]

**Discussion**

The government's complaint is terse and composed primarily of citations to the Communications Act and FCC regulations.[12] Towards the end, the government cites to the FCC's Forfeiture Order, which found that UST violated these laws and regulations by (1) changing the long-distance telephone carriers of three consumers without their authorization; (2) assessing consumers unauthorized charges on thirty-three occasions; (3) making misrepresentations to eight consumers in furtherance of the first two schemes; and (4) sending bills that did not clearly describe what services UST purportedly provided on ten occasions.[13]

The government does not allege further details supporting these allegations, but it attaches three exhibits to its complaint: the FCC's "Notice of Apparent Liability for Forfeiture" (the NAL); UST's response to the NAL; and the Forfeiture Order.[14] The NAL appears to be an administrative complaint and provides more detailed allegations. Its appendix lists thirty-five consumers who lodged complaints against UST, the specific laws and regulations that these complaints implicate, and the dates the alleged violations occurred.[15] The NAL's body discusses each law and regulation and provides supporting excerpts from the relevant consumer

---

[11] *Twombly*, 550 U.S. at 570.
[12] ECF No. 1.
[13] *Id.* at ¶ 19.
[14] ECF Nos. 1-3, 1-4, 1-5.
[15] ECF No. 1-3 at 20–22.

3

complaints. These excerpts range from parenthetical quotes in footnotes to paragraph-length narratives that explain the content of UST's statements or billing practices.[16]

The government apparently intends to wholesale incorporate the NAL's allegations against UST into the complaint for this action. UST argues that this practice fails to satisfy the requirement under FRCP 8(a) that a pleading include "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."

The starting point for this analysis is FRCP 10(c), which provides that "[a] statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion." Many courts have limited this rule to pleadings in the same case, holding "that allegations in pleadings in another action, even if between the same parties, cannot be incorporated by reference."[17] For instance, in *United States v. International Longshoremen's Association*, the government filed a civil RICO action against alleged members of a crime syndicate and attached pleadings from five prior civil and criminal actions involving the same defendants.[18] The District Court for the Eastern District of New York concluded that this practice was "a blatant violation of Rule 8(a)(2)" because the complaint, "together with its exhibits, fail[ed] to provide fair notice to the defendants of the factual underpinnings of the Government's RICO claims and certainly impose[d] an unduly heavy burden on their ability to adequately reply to the Government's allegations."[19] The court explained that "the defendants

---

[16] *E.g.*, ECF No. 1-3 at ¶ 9; *id*. at ¶ 15 n.59.

[17] 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1326 (3d ed. 2018) (citing cases); *accord Aronson v. Advanced Cell Tech., Inc.*, 972 F. Supp. 2d 123, 136 (D. Mass. 2013); *Aaron v. Durrani*, No. 1:13-CV-202, 2013 WL 5177144, at *2 (S.D. Ohio Sept. 12, 2013); *Davis v. Bifani*, No. 07-CV-00122-MEH-BNB, 2007 WL 1216518, at *2 (D. Colo. Apr. 24, 2007).

[18] *United States v. Int'l Longshoremen's Ass'n*, 518 F. Supp. 2d 422, 426, 442 (E.D.N.Y. 2007).

[19] *Id*. at 463.

would be forced to respond in their Answer not only to . . . the Amended Complaint, but also to each and every paragraph of every attached pleading . . . ."[20]

Although the exhibits attached to the government's complaint here are less voluminous and stem from a single prior action, the same concerns apply. It is unclear whether the government is relying solely on the allegations contained in the NAL, which are strewn across paragraphs and footnotes, or also on the findings contained in the Forfeiture Order, which consist largely of legal conclusions. This ambiguity leaves UST—and me—in the untenable position of not knowing which allegations underpin the government's claims and thus what content UST must respond to in its answer. This is particularly troubling given the government's concession that at least some of its claims involve allegations of misrepresentation and thus invoke the heightened pleading standard under FRCP 9(b) for fraud-based claims.[21]

The government's brief response to UST's motion offers no guidance through this murk. It merely points to the second half of Rule 10(c), which specifies that "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." But the fact that the government attached the FCC filings as exhibits—rather than merely quoting them— does not allay my concerns. As an initial matter, it is not clear that the filings constitute "written instrument[s]," a term that many courts have defined in this context as "document[s] evidencing legal rights or duties or giving formal expression to a legal act or agreement, such as a deed, will,

---

[20] *Id.*

[21] *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) ("Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)). Both parties have failed to distinguish which claims are subject to Rule 9(b). Because I am giving the government leave to amend, the parties should clarify this point in any subsequent briefing.

bond, lease, insurance policy or security agreement."[22] But even if this facet of Rule 10(c) applied to the exhibits here, it would not excuse the government of its obligation under Rule 8(a) to provide a short and plain statement of its claims.[23]

I therefore grant UST's motion to dismiss for failure to state a claim and dismiss the government's complaint in full.[24] Because the NAL appears to contain allegations that would support the government's claims, I will grant the government leave to amend its complaint.[25] In its amended complaint, the government must include all the factual allegations that UST must admit or deny; the government may not merely incorporate other documents.

## Conclusion

ACCORDINGLY, IT IS HEREBY ORDERED that UST's motion to dismiss **[ECF No. 9] is GRANTED.**

---

[22] *Murphy v. Cadillac Rubber & Plastics, Inc.*, 946 F. Supp. 1108, 1115 (W.D.N.Y. 1996) (citing *Instrument*, *Black's Law Dictionary* 801, 1612 (6th ed. 1990); *Instrument*, *Webster's Third New International Dictionary*, 1172 (1986)); *accord DeMarco v. DepoTech Corp.*, 149 F. Supp. 2d 1212, 1220 (S.D. Cal. 2001)).

[23] *Int'l Longshoremen's Ass'n*, 518 F. Supp. 2d at 466 ("In short, whether viewed through the lens of Rule 8(a) or Rule 10(c), the Government's attempt to plead many essential elements of the alleged RICO claims by 'incorporating' hundreds of pages of prior pleadings, with no guidance as to which specific allegations are intended to be deemed incorporated, fails to satisfy even the relatively light burden that it bears under the Federal Rules of Civil Procedure to provide a 'short and plain' statement of its entitlement to relief.").

[24] Because I am dismissing the government's entire complaint for failing to comply with Rule 8(a), I need not—and do not—address UST's secondary argument regarding the so-called "slamming" violations under 47 U.S.C. § 258 and 47 C.F.R. § 64.1120. *See* ECF No. 9 at 10–23.

[25] *See Carrico v. City & County of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011) (stating that leave to amend "is properly denied . . . if amendment would be futile").

IT IS FURTHER ORDERED that the government has 10 days to file an amended complaint.

Dated: September 24, 2018

_____
U.S. District Judge Jennifer A. Dorsey